**EDWARD R. SCHWARTZ, CA Bar No. 147553**
ers@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile:  (626) 577-8800

Attorneys for Plaintiff,
GUARDIAN POOL FENCE SYSTEMS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN POOL FENCE SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> POOLSAFE, INC. and PATRICK CALLAHAN, <br><br> Defendants. | Case No.  **'14CV2305 JAH BLM** <br><br> **COMPLAINT FOR FALSE ADVERTISING AND COMMON LAW UNFAIR COMPETITION** |

For its Complaint, Plaintiff Guardian Pool Fence Systems, Inc. alleges as follows:

I.   **JURISDICTION AND VENUE**

1. This is an action for false advertising in violation of 15 U.S.C. § 1125(a), and for common law unfair competition. Jurisdiction is conferred by 28 U.S.C. §§ 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside and do business in this judicial district.

-1-

## II. PARTIES

2. Plaintiff Guardian Pool Fence Systems, Inc. ("Guardian") is a corporation organized and existing under the laws of the State of California having a business address at 14715 Aetna Street, Van Nuys, California.

3. On information and belief, Defendant Poolsafe, Inc. ("Poolsafe") is a corporation organized and existing under the laws of the State of California having a principal business address at 1200 South Escondido Boulevard, Escondido, California, 92025.

4. On information and belief, Defendant Patrick Callahan ("Callahan") is an individual who resides in Escondido, California and has a business address at 1200 South Escondido Boulevard, Escondido, California, 92025. Callahan is the president of Poolsafe and, on information and belief, is personally responsible for the acts of Poolsafe described below.

## III. FACTS COMMON TO ALL CLAIMS

5. Guardian is in the business of manufacturing and distributing gated pool fences. Guardian's patented gated pool fences have had an outstanding commercial success since 1997 and are distributed nationwide, including in California.

6. Guardian is the owner by assignment of U.S. Patent No. 5,664,769 ("the '769 patent") for a gated pool fence. The '769 patent, a copy of which is attached here as Exhibit A, relates to protective fence with an auto lockable gate which encloses a home swimming pool.

7. The '769 patent was duly and legally issued on September 9, 1997. Guardian has extensively and continuously marketed unique gated pool fences in accordance with the teachings of the '769 patent from 1997 to date. A photograph showing Guardian's patented gated pool fence (the "Patented Gated Pool Fence") is attached hereto as Exhibit B.

8. On April 28, 2005, Poolsafe and Guardian entered into a Dealer

CHRISTIE, PARKER & HALE, LLP

Agreement pursuant to which, Poolsafe agreed to distribute Guardian products, including the Patented Gated Pool Fence.  The Dealer Agreement was signed by Callahan on behalf of Poolsafe.  A true copy of the Dealer Agreement is attached hereto as Exhibit C.

9. The Dealer Agreement was terminated in 2011.

10. On information and belief, Defendants ceased all offers for sale and sales of Guardian's products, including sales of the Patented Gated Pool Fence, upon termination of the Dealer Agreement as required by paragraph 11.3 of the Dealer Agreement.

11. The fact that Defendants have not, on information and belief, sold the Patented Gated Pool Fence since 2010 notwithstanding, Defendants continue to show the Patented Gated Pool Fence on its website and in promotional material in promotion of Defendants' pool fence products.  A true copy of excerpts from Defendants' website and of Defendant's promotional brochure are attached hereto as Exhibits D and E, respectively.

## FIRST CLAIM FOR RELIEF

### (False or Misleading Advertising)

12. Guardian repeats and incorporates herein the allegations contained in paragraphs 1 through 11 of this Complaint.

13. The above-described conduct of Defendants constitutes false or misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(A) in that Defendants have used false or misleading representations of facts in connection with Defendants' goods and services which (1) are likely to cause confusion or mistake or to deceive as to the products which Defendants are actually selling; and (2) are likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Guardian or as to the origin, sponsorship, or approval of Defendants' products by Guardian.

14. Guardian is being damaged and likely to be damaged in the future by

-3-

Defendants' false and misleading representations by reason of the likelihood that potential customers will be confused and deceived that (1) Defendants continue to offer for sale Guardian's Patented Gated Pool Fence; (2) that Poolsafe is still an authorized distributor of Guardian's products; and (3) that Defendants' products and services originate from Guardian or are sponsored, authorized, or approved by Guardian.

15. Defendants have profited from their actions of false advertising alleged herein and will continue to profit unless and until such conduct is enjoined.

16. By reason of Defendants' acts alleged herein, Guardian has suffered damage to its goodwill and the loss of sales of profits Guardian would have made but for Defendants' acts.

17. Defendants' actions were willful and taken with a total disregard of Guardian's rights.

## SECOND CLAIM FOR RELIEF
### (Common Law Unfair Competition)

18. Guardian repeats and incorporates herein the allegations contained in paragraphs 1 through 17 of this Complaint.

19. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

20. As a result of the actions of Defendants, Guardian has been damaged in an amount to be proved at trial.

21. Because Defendants' conduct has been intentional and willful and in conscious disregard of Guardian's rights, Guardian is entitled to punitive and exemplary damages against Defendants.

CHRISTIE, PARKER & HALE, LLP

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guardian Pool Fence Systems, Inc. requests entry of judgment in its favor and grant the following relief against Defendants Poolsafe, Inc. and Patrick Callahan, jointly and severally, as follows:

A.  A permanent injunction prohibiting Defendants from using any representations of Guardian's patented gated pool fences in connection with Defendants' offer for sale of pool fences or gates;

B.  Compensatory damages and disgorgement of Defendants' profits from its acts of false advertising under 15 U.S.C. § 1117;

C.  Treble damages pursuant to 15 U.S.C. § 1117;

D.  Punitive damages;

E.  Prejudgment interest, costs, expenses, and reasonable attorney's fees for this suit; and

F.  Such other and further relief as this court may deem just and proper.

DATED:  September 30, 2014

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ Edward R. Schwartz
    Edward R. Schwartz

Attorneys for Plaintiff,
GUARDIAN POOL FENCE SYSTEMS, INC.
Email:  ers@cph.com

SES PAS1319789.1-*-09/30/14 9:01 AM